THE STATE, on the Relation of THE BOARD OF COMMISSION-ERS OF RIPLEY COUNTY, *v.* ROBINSON, Administrator of DICKENSON, deceased.

Upon the failure of the clerk of the Circuit Court to pay over any money in his hands to the county treasurer, it is made the duty of the county auditor, by the statutes of 1843, to enforce the payment by suit; but a suit cannot be brought against such clerk for such failure on the relation of the board of commissioners.

The statute of 1838 made it the duty of the sheriff and not the clerk to pay jury fees into the county treasury.

ERROR to the *Ripley* Circuit Court.

BLACKFORD, J.—This was an action of debt on a bond given by the clerk of the Circuit Court with sureties. The suit was against the administrator of one of the sureties. Two breaches are assigned. General demurrer to the declaration, and judgment for the defendant.

The first breach states that certain judgments had been rendered by the Circuit Court, on indictments against certain persons for crimes, which judgments amounted to 1,000 dollars; that, afterwards, to-wit, on the 1st of *April*, 1845, said money was paid to the clerk of the Court, who failed to pay over the same to the county treasurer.

The fines mentioned in this breach belong to the county seminary; and all moneys in the hands of the clerk, due to the seminary, should be paid to the county treasurer. Upon the clerk's failure to pay over any money in his hands to such treasurer, it is made the duty of the county auditor to enforce the payment of the money by suit. R. S. 1843, pp. 249, 250.

We think this breach shows a case where, if the defendant is liable, the suit should be on the relation of the county auditor.

The second breach states that certain suits had been determined by the Circuit Court, and that certain jury fees were taxed with the costs in those suits; that those fees, amounting to 1,000 dollars, were, on the 1st of *April*, 1845, paid to the clerk of said court by the persons liable for them; and that the clerk had not paid any of said fees to the county treasurer, nor to any other person authorized to receive them.

By the statute of 1838, jury fees were to be paid by the sheriff into the county treasury. R. S. 1838, p. 293. That statute, as concerns this case, is considered to be still in force. It is the sheriff, therefore, not the clerk, to whom the persons liable for such fees should pay them. It not being any part of the clerk's duty to receive the jury fees, his sureties cannot be responsible for his conduct respecting them. The second breach, therefore, as well as the first, is insufficient.

VOL. II.—6

May Term,
1850.

THE STATE
v.
ROBINSON.

Tuesday,
May 28.

May Term, 1850.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Kelso*, for the plaintiff.

*G. Holland*, for the defendant.